UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:16-CR-408 |
| ANDREW IAN FARMER, et al. | |

**GOVERNMENT'S MOTION FOR**
**ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2)**

The United States of America, by and through undersigned counsel, hereby respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by section 3771(a), (b) and (c), on the grounds that the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a).

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

The victims of the defendants' fraud are the members of the public who purchased stock in the companies the defendants were promoting and lost money. These companies were:

(a)  Onyx Service & Solutions, Inc. ("Onyx");

(b)  Nova Mining Corp. ("Nova Mining");

(c)  DoMark International, Inc. ("DoMark");

(d)  Chimera Energy Corp. ("Chimera");

(e)  Massive Dynamics, Inc. ("Massive Dynamics");

(f)  Solar America Corp. ("Solar America");

(g)  BlueFire Equipment Corporation ("BlueFire");

(h)  Puget Technologies ("Puget");

(i)  Gankit Corporation ("Gankit.com");

(j)  Horizon Energy Corporation ("Horizon Energy");

(k)  NHale, Inc. ("NHale");

(l)  Valmie Resources Inc. ("Valmie");

In order to identify the victims who lost money in each of these pump and dump schemes, the United States used trading records obtained from the SEC for each of these stocks, called "bluesheets". Bluesheets show trades in a given security that are reported by brokerages to the SEC. The United States used the bluesheets to identify as many victims who lost money during the period of time the defendants were promoting each stock. After performing this analysis on

2

the bluesheets for each of the above listed stocks, the United States has identified at least 46,000 potential victims.

This number of victims make compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable. Neither the government nor the Court has the resources to accord all of the victims in this case the notice required by subsection 3771(a). Therefore, due to the large number of victims in this case, the Government intends to use the Justice Department's website for large cases, http://justice.gov/largecases/, to direct victims to a case-specific website where all required notices will be posted. The Government will issue a press release informing individuals who believe they may be victims to access the Justice Department website for more information. Victim notification at the corrections stage will be provided through the Bureau of Prisons' website, www.bop.gov.

## CONCLUSION

Based on the foregoing, the government requests the Court grant the motion for alternative victim notification procedures.

                                      Respectfully submitted,

                                      RYAN K. PATRICK
                                      United States Attorney

                                      /s/ Justin R. Martin
                                      Justin R. Martin
                                      Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorneys for the defendants by the ECF system.

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I certify that the morning of January 7, 2020, the undersigned sent a copy of this motion and proposed order to the attorneys for the defendants by email and requested notice of any objections. As of the filing of this motion, no objections were communicated to the undersigned.

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:16-CR-408 |
| ANDREW IAN FARMER, et al. | |

ORDER

Pending before the Court is the United States' motion for alternative victim notification,

IT IS HEREBY ORDERED that the motion is GRANTED.

Signed on _____, at Houston, Texas.

_____
Vanessa D. Gilmore
United States District Judge