UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:16-CR-408 |
| SCOTT RUSSELL SIECK | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO PSR**

On November 9, 2021, the defendant filed a list of objections and corrections to the PSR filed in this matter. The United States opposes the defendant's first objection to paragraph 81 of the PSR, which applies a +2 enhancement pursuant to U.S.S.G. § 3B1.3 (abuse of position of trust or use of special skill).

**1.    The § 3B1.1 enhancement applies because the defendant used a special skill**

The defendant's objection is based on an argument that the enhancement should not apply because the defendant did not have a "position of trust" within the meaning of the guideline. However, the defendant does not address the "use of a special skill" prong of the guideline, which is the reason the guideline is applicable.

Sieck held a Series 7 registration, which is issued after an individual takes and passes the Series 7 exam. PSR at ¶ 103. The Series 7 exam is a specialized exam that measures the degree to which a candidate possesses the knowledge needed to perform the critical functions of a general securities representative, including sales of various securities.

Moreover, Sieck has been involved in the trading of securities, including penny stocks, for more than 30 years. PSR at ¶¶ 105-107. Through this experience, Sieck learned special techniques for market manipulation of penny stocks that he used to commit the instant offense, including matched trades and wash sales. PSR at ¶ 22(c). Sieck was also responsible for selling or "dumping"

the stock during the promotional campaign. *Id.* This also took special skill in how to sell large quantities of penny stocks without the price of the stock falling too quickly.

Other courts have applied the special skill enhancement for defendants in similar situations. *See, e.g.*, *United States v. Wenger*, 2004 WL 724458, at *5 (D. Utah Jan. 30, 2004) (applying special skill enhancement to defendant who used his "great knowledge of the penny stock market, developed over many years").

**2.     Alternatively, a +2 role adjustment is appropriate under § 3B1.1**

Because the PSR applied the +2 role adjustment under 3B1.3, it was prohibited from applying an adjustment under 3B1.1 for aggravating role. *See* U.S.S.G. § 3B1.3 ("[I]f this adjustment is based solely on the use of a special skill, it may not be employed in addition to an adjustment under § 3B1.1.").

Accordingly, if the Court determines that the §3B1.3 special skill enhancement does not apply, it is then able to apply the +2 role adjustment under § 3B1.1(c). This role adjustment applies because Sieck was a partner in the Group, PSR at ¶ 22(c), and he therefore qualifies for the +2 enhancement under § 3B1.1(c) as an "organizer, leader, manager, or supervisor."

## CONCLUSION

For the reasons articulated above, the defendant's first objection to the PSR should be overruled.

Respectfully submitted,

JENNIFER B. LOWERY
Acting United States Attorney

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 567-9000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorneys for the defendants by the ECF system.

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:16-CR-408 |
| SCOTT RUSSELL SIECK | |

## ORDER

Pending before the Court is the defendant's Objection and Corrections to the PSR and the government's Response in Opposition. Having considered the pleadings, the facts, and the applicable law,

IT IS ORDERED that the defendant's first objection to the Presentence Investigation Report is OVERRULED.

Signed _____, at Houston, Texas.

_____
Vanessa D. Gilmore
United States District Judge